USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/24/24__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLIE CURRIN,

        Plaintiff,

    -against-

GLENWOOD MANAGEMENT CORP., et al.,

        Defendants.

24-CV-197 (MMG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    This is plaintiff Charlie Currin's sixth lawsuit in this Court against his landlord, Glenwood Management Corp. (Glenwood), and various Glenwood personnel, all premised on his claim that his apartment does not adequately accommodate his disabilities and that he should be moved to a two-bedroom unit. Plaintiff's first such lawsuit, No. 20-CV-6047, was dismissed with prejudice on October 8, 2021. His four subsequent lawsuits, Nos. 21-CV-10763, 22-CV-5424, 22-CV-5289, and 22-CV-5291, were resolved by means of a global settlement agreement executed by plaintiff on March 31, 2023, and all four were subsequently dismissed with prejudice. Nonetheless, in the present action (which was filed in state court, *pro se*, on December 11, 2023, and removed to this Court on January 10, 2024), plaintiff again alleges that Glenwood's failure to move him to a two-bedroom apartment – since 2014 – constitutes "shameful cruelty to a disabled-handicapped tenant." Complaint (Dkt. 1-1) at ECF p. 3. Plaintiff seeks an order requiring Glenwood to furnish him a two-bedroom apartment and "$1 billion for pain and suffering." *Id*.

    In a pre-motion letter filed on January 17, 2024, defendants argued that this lawsuit is barred by *res judicata* and by the terms of the Confidential Settlement Agreement and General Release (Settlement Agreement) executed in 2023, and that plaintiff should be enjoined from bringing further "vexatious, harassing and duplicative" lawsuits against Glenwood and its

personnel. (Dkt. 12.) At a pre-motion conference on February 22, 2024, which plaintiff attended in person, the parties confirmed that Glenwood fully performed its obligations under the Settlement Agreement, including, *inter alia*, moving Mr. Currin to an upgraded one-bedroom apartment in a different building, and making a monetary settlement payment to him. After explaining to Mr. Currin the nature of defendants' anticipated motion to dismiss – and advising him to seek professional legal advice – the Court gave defendants a motion deadline of March 22, 2024, and asked plaintiff to "update the Court on the progress of his retention efforts." (Dkt. 20.)

On March 6, 2024, Mr. Currin submitted a letter complaining about the bathroom in his apartment and asserting that he was moved to a new apartment "after three attacks and stalkings by Glenwood staff members." (Dkt. 22.)

On March 22, 2024, defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), supported by a memorandum of law and affirmation of counsel. (Dkts. 23-26.)

On March 25, 2024, plaintiff submitted a letter advising that he had "secured a lawyer with the help of City Bar Legal Referral." (Dkt. 27.) However, plaintiff did not identify his lawyer, and no lawyer appeared on his behalf. On March 26, 2024, the Court reminded plaintiff that his deadline to respond to defendants' motion to dismiss was April 5, 2024, and advised that if he required "an extension of this deadline in light of his retention of counsel, his *counsel* may, after filing a notice of appearance, make that request by letter-motion, explaining the reasons why an extension would be appropriate." (Dkt. 28.)

On March 28, 2024, Mr. Currin submitted a letter stating that he was "still waiting" for a two-bedroom apartment, accusing Glenwood of "[o]utrageous" conduct in failing to provide him with that apartment since 2014, and alleging that in 2022 there were "[t]hree attacks and stalkings" by Glenwood personnel. (Dkt. 29.) That same day, the Court issued an order observing that

2

plaintiff's letter did "not appear to be addressed to [defendants'] motion," and reminding plaintiff again that his deadline to respond to the motion was April 5, 2024. (Dkt. 30.)

That deadline came and went with no filing from plaintiff. On April 10, 2024, noting that plaintiff was still *pro se*, the Court *sua sponte* extended his deadline to respond to the motion to dismiss through April 12, 2024, and warned that, "[s]hould plaintiff fail to respond by this date, the Court will consider plaintiff's motion unopposed." (Dkt. 31.)

On April 11, 2024, Mr. Currin submitted a letter stating that he "would like to continue this case and . . . will remain pro se." (Dkt. 32.) However, he did not file any opposition to the pending motion to dismiss. Consequently, on April 16, 2024, the Court issued an order advising the parties that it "now considers defendants' motion unopposed." (Dkt. 33.)

Six days later, on April 17, 2024, Mr. Currin submitted a letter asking for an unspecified "extension of time for my case," promising to "try harder and stay on top" of it. Plaintiff added that he is suing Glenwood for "two reasons," including its failure to provide him with a two-bedroom apartment and the "three attacks and stalkings" by Glenwood employees. (Dkt. 34.) The Court notes that plaintiff's Complaint does not contain any reference to the alleged attacks and stalkings. Nor has he described them (other than in conclusory terms) in his correspondence.

Defendants did not oppose plaintiff's extension request.

In light of plaintiff's *pro se* status – and because it is not clear to the Court whether he intended his April 17 letter to constitute his substantive response to defendants' motion to dismiss – the Court hereby GRANTS an additional two-week extension, through **May 1, 2024**, for plaintiff to file his papers in opposition to that motion.

Plaintiff is reminded that the motion asks this Court to **<u>dismiss his case</u>**. Defendants argue, among other things, that when he settled his previous cases in 2023, plaintiff released (gave up)

any and all claims he had against Glenwood and its personnel for any alleged conduct up to the date of the release – including his claim that he is entitled to a two-bedroom apartment and any claims he might have arising out of misconduct by Glenwood personnel in 2022 – and that all of the claims he presently seeks to bring are within the scope of that release and consequently cannot be relitigated. Def. Mem. (Dkt. 26) at 6-8.[1] Defendants further argue that, even if plaintiff had not signed a written release, he would be barred by the doctrine of *res judicata* from bringing what is essentially the same case, for a sixth time, after his prior cases were dismissed with prejudice. *Id*. at 9. The Second Circuit Court of Appeals has explained the doctrine of *res judicata* as follows:

> [T]he doctrine of *res judicata,* or claim preclusion, provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). Simply put, the doctrine states that once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning "the transaction, or series of connected transactions, out of which the [first] action arose." *Restatement (Second) of Judgments* § 24(1) (1982).

*Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997).

Defendants further argue that some of plaintiff's claims are barred by the statute of limitations, *see* Def. Mem. at 10, and that plaintiff should be prohibited from "pursuing future, duplicative, vexatious and harassing litigation" against Glenwood and its personnel. *Id*. at 11.

---

[1] Defendants ask the Court to take judicial notice of the proceedings in plaintiff's prior lawsuits against Glenwood, including the Settlement Agreement that he signed in 2023. *See* Def. Mem. at 3-5. The Settlement Agreement was previously submitted to the Court under seal (Dkt. 14), and was discussed at the pre-motion conference on February 22, 2024. The Court hereby notifies the parties that it intends to take judicial notice of the existence and contents of the Settlement Agreement pursuant to Fed. R. Evid. 201(c). Any party wishing to be heard as to the propriety of taking judicial notice of the Settlement Agreement may address the issue in that party's opposition or reply papers.

5

If plaintiff wishes to oppose the motion to dismiss, he must submit a memorandum, no later than **May 1, 2024**, explaining why – notwithstanding the settlement and dismissal of his previous lawsuits – he should be permitted to sue Glenwood again.

No further extensions will be granted absent compelling circumstances. Defendants' reply papers will be due **May 8, 2024**.

Dated: New York, New York        SO ORDERED.
       April 24, 2024

_____
**BARBARA MOSES**
**United States Magistrate Judge**